# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSCOE LARRETT MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-CV-594-JHP-PJC |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Roscoe LarRett Morris, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 9), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 9, 10). Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On June 3, 2011, at about 8:00 p.m., Petitioner and his wife, Sonya Friday, began to argue in the bedroom of their residence, located at 536 East 54th Street North, in Tulsa, Oklahoma. Friday claimed that Petitioner followed her into the living room where he unscrewed a leg off of the coffee table and began beating her on the left side of her face with the table leg. As Petitioner reached down to unscrew another table leg, Friday ran to the next door neighbor's house to get help. Petitioner went to his car, started it, and used it to chase Friday, hitting her in the back of her legs.

LaTonya Valentine, a visitor at the neighbor's house, looked out of a window and saw Petitioner hit Friday with his car, then pick up a rake and use it to hit Friday. Valentine yelled at Petitioner "to stop, let her go." Petitioner dropped the rake and drove away in his car. Friday passed

out on the front porch of the neighbor's house. Valentine found four of Friday's teeth on the porch and gave them to Friday. Valentine helped Friday clean up her face, then Valentine called 911.

Meanwhile, as Tulsa Police Officer Stephen St. Clair drove his patrol car westbound on 54th Street North, he observed a vehicle, driven by Petitioner, traveling at a high rate of speed. After observing the vehicle run a stop sign, St. Clair attempted to stop the vehicle. However, Petitioner did not bring the vehicle to a stop and instead led St. Clair and a number of other police officers on a chase. Eventually, the vehicle came to a stop with a blown tire. Petitioner was handcuffed and taken into custody.

Based on those facts, Petitioner was charged by Information in Tulsa County District Court, Case No. CF-2011-2237, with Assault and Battery With a Dangerous Weapon, a table leg (Count 1); Assault and Battery With a Dangerous Weapon, a motor vehicle (Count 2); Assault and Battery With a Dangerous Weapon, a metal rake (Count 3); Eluding a Police Officer (Count 4); Driving With License Revoked (Count 5); and Failure to Carry Insurance Security Verification Form (Count 6). See Dkt. # 9-1 at 1. Petitioner had one prior felony conviction. Id. Petitioner proceeded to be tried by a jury. At the conclusion of the State's case, the trial judge granted Petitioner's demurrer to Counts 5 and 6. Petitioner then testified in his own defense that Friday attacked him first with a table leg, striking him twice. Because he was concerned about being hit again, he took the table leg from Friday and used it to strike Friday in the arm to prevent her from reaching for another weapon. As Friday ran outside, Petitioner followed her and got into his car. As he began to drive away, he stopped and tried to talk to Friday. Petitioner testified that Friday grabbed a rake and used it to hit him in the head. Petitioner denied hitting Friday with either his car or a rake. Petitioner then

got back in his car and drove off. When Petitioner saw the police car behind him, he panicked and tried to get away.

The jury found Petitioner guilty of Counts 1, 2, 3, and 4, After Former Conviction of a Felony. On October 17, 2011, the trial judge sentenced Petitioner, in accordance with the jury's recommendations, to twenty (20) years imprisonment on each of Counts 1, 2, and 3, and to one year in the county jail on Count 4, with the sentences to be served consecutively. Petitioner was also fined $2,000. Attorney Thomas Griesedieck represented Petitioner at trial.

Represented by attorney Stuart W. Southerland, Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), raising four (4) propositions of error, as follows:

> Proposition I: Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, § 20 of the Oklahoma Constitution. Defense counsel failed to advise Appellant of a plea bargain offer which he would have accepted.
>
> Proposition II: Appellant was prejudiced by the admission of irrelevant evidence concerning the nature and extent of Sonya Friday's injuries. The admission of the evidence violated Oklahoma law as well as the Fourteenth Amendment of the Untied States Constitution.
>
> > (1) Evidence was admitted which was not relevant. In the alternative, Appellant alleges that the probative value of any such evidence was exceeded by the danger of unfair prejudice.
> >
> > (2) The State failed to provide adequate notice of the prosecutor's intent to present evidence of Sonya Friday's injuries.
>
> Proposition III: It was error for the district court to fail to respond to the jury's note regarding the imposition of consecutive or concurrent sentences by telling the jury the truth.
>
> Proposition IV: Appellant's sentence is excessive and should be modified.

See Dkt. # 9-1. Petitioner also filed a "motion for supplementation of record and request to remand for evidentiary hearing" (Dkt. # 9-2). In an unpublished summary opinion, filed April 29, 2013, in Case No. F-2011-951 (Dkt. # 9-4), the OCCA denied the "motion for supplementation of record and request to remand for evidentiary hearing" and affirmed the Judgments and Sentences of the district court.

On September 9, 2013, Petitioner commenced this federal action by filing his pro se petition for writ of habeas corpus (Dkt. # 1). Petitioner raises two (2) grounds of error, as follows:

> Ground 1: The OCCA's decision that Petitioner received effective assistance of counsel is clearly in violation of the Sixth and Fourteenth Amendments to the United States Constitution and therefore does not deserve any measure of deference. Defense counsel failed to advise Petitioner of a plea bargain offer which he would have accepted.
>
> Ground 2: The OCCA's decision that Appellant was not prejudiced by the admission of irrelevant evidence concerning the nature and extent of Sonya Friday's injuries was contrary to clearly established Supreme Court law and does not deserve any measure of deference. The admission of this evidence violated the Fourteenth Amendment to the United States Constitution.

See id. In response, Respondent argues that the OCCA's adjudication of Ground 1 was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. See Dkt. # 9 at 5-9. As to Ground 2, Respondent argues that state evidentiary errors are not proper for federal habeas review and that Petitioner was not denied a fair trial in violation of due process by the introduction of the evidence. See id. at 9-17.

### *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner

raised Grounds 1 and 2 to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000) (explaining considerations for evidentiary hearings in habeas corpus cases). Petitioner's requests for an evidentiary hearing, see Dkt. ## 1, 13, are denied.

**B.    Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The

petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his habeas claims to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claims on the merits, the Court will review the claims under the standards of § 2254(d).

**1.    Ineffective assistance of counsel (Ground 1)**

In Ground 1, Petitioner argues that his trial counsel provided ineffective assistance of counsel. (Dkt. # 1 at 3-8). Specifically, Petitioner claims that counsel performed deficiently by failing to advise him of a plea bargain offer which he would have accepted. Id. at 3. On direct appeal, Petitioner filed a request for evidentiary hearing, pursuant to Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals (Dkt. # 9-2). In support of his request, Petitioner provided his own Sworn Affidavit (id. at 11), the Affidavit of Thomas Griesedieck (id. at 12-13), and the

Affidavit of Stuart W. Southerland (id. at 14-15). The OCCA denied Petitioner's request for an evidentiary hearing, explaining that an application for an evidentiary hearing is reviewed for "clear and convincing evidence" supporting a claim of ineffective assistance of counsel, and finding that,

> Appellant attaches to his request three affidavits, from himself, trial counsel and appellate counsel. These affidavits are very thorough and informative. They show that a clear record of plea negotiations was not established. It is not clear what could be gained by sending this back for an evidentiary hearing. Appellant's reliance on *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, ___ L. Ed. 2d ___ (2012) and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1387, ___ L. Ed. 2d ___ (2012) is misplaced as both cases concern what is required of counsel once a formal offer has been made ("as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," *Frye*, 132 S. Ct. at 1408; "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it," *Lafler v. Cooper*, 132 S. Ct. at 1387). Based upon the affidavits, Appellant has failed to show by clear and convincing evidence a strong possibility trial counsel was ineffective for failing to use the complained of evidence because the record does not establish that a formal offer was made by the prosecution to the defense which was not timely communicated to Appellant. Accordingly, Appellant's request for an evidentiary hearing should be denied.

(Dkt. # 9-4 at 3). The OCCA proceeded to deny relief on Petitioner's claim of ineffective assistance of counsel, finding that "as Appellant has failed to meet this less demanding standard, his claim of ineffective assistance of counsel under the more stringent standard of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984) is also denied. *See Simpson v. State*, 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905-906." Id. at 3-4. Respondent argues that the OCCA's denial of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. See Dkt. # 9 at 5-9.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Richter, 562 U.S. at 104; Osborn v. Shillinger, 997

7

F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential lens" of § 2254(d)).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Richter, 562 U.S. at 104. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. See Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland.

The Sixth Amendment right to counsel applies to representation during the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). In Missouri v. Frye, 132 S. Ct. 1399, 1404 (2012), the defense counsel did not advise the defendant that plea offers with set expiration dates had been made, and the defendant later pleaded guilty absent a plea agreement and to harsher terms than what was originally offered. Id. In Frye, the Supreme Court explained that only a *formal* offer to accept a plea must be communicated by counsel, and the failure to do so renders counsel's performance constitutionally deficient. The Supreme Court stated that "[a]ny exceptions to that rule need not be explored here, for the offer [in Frye] was a formal one with a fixed expiration date." Id. The Supreme Court further explained that, "the fact of a formal offer means that its terms and its processing can be *documented* so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations." Id. at 1409 (emphasis added).

To show prejudice from any deficient performance under these cases, the defendant "must demonstrate a reasonable probability [that he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel," and must further "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." Id. Failure to communicate a plea offer would only be prejudicial if the record shows the defendant would have been reasonably likely to accept the plea offer, had he known of it. See Williams v. Jones, 571 F.3d 1086, 1094 (10th Cir. 2009) (a defendant is prejudiced when "had he been adequately counseled, there is a reasonable probability that he would have accepted the plea offer [rather than proceed with trial]"); see also Hill, 474 U.S. at 59 (the prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the

outcome of the plea process"). In addition, review of a state court decision under § 2254(d)(1) is limited to the record before the state court. Pinholster, 563 U.S. at 181; see also Calvert v. Dinwiddie, 461 F. App'x 729, 734 (10th Cir. Feb. 10, 2012) (unpublished)[1] (rejecting claim that counsel was ineffective in failing to communicate a plea offer because the state court record failed to substantiate the claim and, under Pinholster, AEDPA review is limited to the state court record).

In this case, the OCCA determined that the record on direct appeal did not establish that a formal offer was made by the prosecution to the defense which was not timely communicated to Petitioner. See Dkt. # 9-4 at 3. In his habeas petition, Petitioner readily admits "there is no record of any plea-bargain negotiations in this case." (Dkt. # 1 at 3). As a result, in the absence of a record demonstrating the existence of a formal plea offer, Petitioner has failed to demonstrate that his attorney performed deficiently with regard to the alleged plea offer.

In addition, nothing in the record, other than Petitioner's conclusory statement "that he would have accepted [the plea offer] had he known about it," id. at 4, suggests that Petitioner would have accepted a plea offer of fifteen years imprisonment. Instead, based on Petitioner's averment that he "continued to profess his innocence up until the time that he testified at trial," see id., the record demonstrates that there is not a reasonable probability that Petitioner would have accepted the alleged plea offer. Therefore, even if trial counsel performed deficiently, Petitioner cannot demonstrate that he suffered prejudice.

Petitioner has not satisfied either prong of the Strickland standard and has failed to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the

---

[1] This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Supreme Court. Because Petitioner has failed to satisfy the § 2254(d) standard, habeas corpus relief on Ground 1 is denied.

### 2. Erroneous evidentiary rulings (Ground 2)

In Ground 2, Petitioner argues that the evidence of the nature and extent of Friday's injuries was irrelevant and improperly admitted resulting in prejudice. See Dkt. # 1 at 9. Petitioner also complains that the State failed to provide adequate notice of the prosecutor's intent to present medical records as evidence of Friday's injuries. Id. at 13. Petitioner claims that the OCCA's decision denying relief on this claim was "contrary to clearly established Supreme Court law and does not deserve any measure of deference." Id. at 9.

On direct appeal, the OCCA reviewed only for plain error and found as follows:

> [h]ere, the evidence was relevant to prove Appellant committed the crime of assault and battery with a dangerous weapon three different times with three different weapons – a wooden table leg, a car, and a metal rake. The extent of the victim's injuries was relevant as it tended to prove that Appellant used each of these dangerous weapons in his attack on the victim with the intent to do bodily harm. 12 O.S. 2001, § 2401. The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice as the testimony was not so cumulative as to be prejudicial, it did not mislead the jury, confuse the issues or surprise Appellant. 12 O.S. 2001, § 2403. Therefore, there was no reason to exclude this relevant evidence. Thus we find no error, and no plain error.

(Dkt. # 9-4 at 4-5). The OCCA also reviewed the admission of specific items of evidence, including photographs of the victim's injuries; a piece of cloth found wedged between the headlight and bumper of the car driven by Petitioner; and a photograph of a white, five gallon bucket covered with blood. Id. at 5-6. The OCCA found that the probative value of the evidence was not outweighed by any prejudicial impact and that the trial judge did not abuse his discretion in admitting the evidence. Id. Lastly, the OCCA, relying on the fact that no medical testimony or records were offered, found Petitioner's complaint with regard to lack of notice to be without merit. Id. at 6.

Admission of evidence is governed by state law. See Okla. Stat. tit 12, § 2401. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quotations and citations omitted). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. State court evidentiary rulings, such as those alleged by Petitioner, do not warrant habeas relief unless the ruling rendered the "trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998); Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990) (due process claim related to admission of evidence at state trial will not support habeas relief "absent fundamental unfairness so as to constitute a denial of due process of law").

Upon review of the record, the Court finds that Petitioner was not denied a fundamentally fair trial as a result of the trial court's admission of the complained-of evidence. Petitioner has failed to demonstrate that the probative value of the evidence was "greatly outweighed by the prejudice flowing from its admission." See Knighton v. Mullin, 293 F.3d 1165, 1171 (10th Cir. 2002). The evidence demonstrating the extent of the victim's injuries was relevant to prove that Petitioner committed the crimes charged. The piece of cloth found on the car driven by Petitioner served to corroborate the testimony of the victim and the witness, LaTonya Valentine. The photograph of the white bucket covered in blood also served to corroborate the testimony of the victim. In addition, because defense counsel challenged the victim's credibility based her failure to provide supporting medical records, see Dkt. # 10-4, Tr. Vol. IV at 377, Petitioner cannot demonstrate that the lack of notice with regard to medical records was prejudicial. Therefore, the admission of the challenged evidence did not render Petitioner's trial fundamentally unfair, and the OCCA's adjudication of this

12

claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas corpus relief on Ground 2 is denied.

**C.     Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

A certificate of appealability should not issue in this case. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decisions by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The Court denies a certificate of appealability.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.     A separate judgment in favor of Respondent shall be entered in this matter.

3. A certificate of appealability is **denied**.

**DATED** this 12th day of August, 2016.

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma

14